# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN MEGGS,

        Plaintiff(s),

vs.

GNLV CORP.,

        Defendant(s).

Case No. 2:16-cv-00001-JAD-NJK

ORDER

(Docket No. 14)

Pending before the Court is Plaintiff's motion to compel Rule 34 inspection. Docket No. 14. Because the motion contains a threshold defect, the motion is **DENIED** without prejudice.

"Discovery motions will not be considered unless the movant (1) has made a good-fath effort to meet and confer as defined in LR IA 1-3(f) before filing the motion and (2) includes a declaration setting forth the details and results of the meet-and-confer conference[.]" LR 26-7(c). The case law in this District is clear that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 171-72 (D. Nev. 1996); *see also* LR IA 1-4(f). This obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions."

*Id*. "Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter." *Id.* To ensure that parties comply with these requirements, a movant must file a certification that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

Here, Plaintiff's declaration is inadequate. *See* Docket No. 14 at 4. To satisfy LR 26-7(c), Plaintiff's declaration must convey the "who, where, how, and when" the parties personally attempted to resolve the discovery dispute. Plaintiff's counsel's conclusory certification that the parties "made a good faith effort to confer with opposing counsel" does not suffice. Therefore, Plaintiff has failed to make a threshold showing that his motion is properly before the Court. Accordingly, for the reasons stated above, Plaintiff's motion to compel Rule 34 inspection, Docket No. 14, is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: May 13, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

2